United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>DIAMOND,<br>    Defendant. | Case No. 14-cr-00483-BLF-1<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>[Re: ECF 3] |

Before the Court is the motion of defendant Arlene Diamond for early termination of supervised release, presumably pursuant to 18 U.S.C. § 3583(e). *See generally* Mot., ECF 3; Opp'n 2, ECF 7. The Government has filed an opposition to the request for early termination. *See generally* Opp'n. Although the Court allowed Diamond the opportunity to file a response to the Government's submission, she has not done so. *See* ECF 8. Instead, Diamond filed a "Notice of Fault and Opportunity to Cure," which was stricken by the Court, except to the extent anything in the "Notice of Fault and Opportunity to Cure" could be construed as a response. *See* ECF 9, 10

For the reasons stated herein, Defendant's motion for early termination of supervised release is DENIED.

## I. BACKGROUND

This case arises from the Central District of Illinois where Diamond was convicted of numerous felonies, including conspiracy to commit mail and wire fraud, mail fraud, wire fraud, conspiracy to commit money laundering, and conducting monetary transactions with proceeds of illegal activity. *See* Amended Judgment in a Criminal Case ("Amended Judgment"), ECF 2. Diamond was sentenced to 188 months in custody and three years of supervised release. Opp'n 1. In addition to the standard conditions of supervision, the following special conditions of

supervision were ordered: Defendant was prohibited from incurring new debts or opening any additional lines of credit; she was obligated to make financial disclosure; prohibited from owning, purchasing, or possessing a firearm, ammunition, or other dangerous weapon; prohibited from being employed as a multi-level marketer of any product, service or financial instrument; and was required to pay an $800 special assessment and $1,669,910 in restitution. *See* Amended Judgment. Supervision commenced on July 3, 2014.

On September 5, 2015, jurisdiction was transferred from the Central District of Illinois to the Northern District of California.

## II. LEGAL STANDARD

18 U.S.C. § 3583(e)(1) provides, in pertinent part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

"[T]he plain language of the statute indicates that the district courts have broad discretion to alter the conditions of a defendant's supervised release." *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000); *see also United States v. Emmett,* 749 F.3d 817, 819 (9th Cir. 2014). "Occasionally, changed circumstances—for instance, *exceptionally* good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (emphasis added). The modification or termination mechanism provided by § 3583(e) allows the court "to respond to changes in the defendant's circumstances that may render a previously imposed condition of release" no longer justified. *United States v. Gross,* 307 F.3d 1043, 1044 (9th Cir. 2002).

### III. DISCUSSION

Diamond has completed her custodial sentence and approximately two years and seven months of her three-year term of supervision. Mot. 8; Opp'n 1–2. She now asks the Court to terminate her supervised release early. *See generally* Mot. Diamond contends that termination of her supervised release is appropriate for three reasons. First, Diamond argues that she "needs to be free from the stigma of the status of a felon so she can get employment to supplement her low Social Security income." Mot. 8. Second, Diamond states that because she is labeled a felon, she is unable to rent a place to live. *Id.* Finally, Diamond "would like . . . to be able to visit with friends and family, and be productive." *Id.*

The Government opposes Diamond's request. The Government contends that Diamond's justifications for early termination do not constitute the type of changed circumstances or "exceptionally good behavior" contemplated by *Lussier* and its progeny. *See, e.g.*, *Lussier*, 104 F.3d at 36; *see also Folks v. United States*, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) ("[E]ven '[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'"); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (finding that defendant's resumption of his "pre-incarceration life," including the restoration of family participation, "are expected of a person on supervised release and do not constitute the 'exceptional behavior'" contemplated by § 3583(e)); *United States v. Grossi*, No. 04–40127, 2011 WL 704364, at *2 (N.D. Cal. Feb. 11, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

For its part, the Probation Office does not recommend early termination of supervised release for Diamond. Her probation officer reports that Diamond's "adjustment to supervision has been marginal" and that she has been delinquent in submitting her monthly reports. For these reasons, the Government believes that Diamond should complete her term of supervised release so Probation can monitor her conduct and to give her an opportunity to take advantage of the services offered by Probation, such as employment programs. Opp'n 2.

After considering the parties' positions in light of the § 3553 factors, the Court concurs

1   with the Government and the Probation Office that Diamond has not demonstrated the type of

2   circumstances justifying early termination of supervised release.  Moreover, although Diamond

3   asserts that her status as a felon hinders her ability to obtain gainful employment or a place to live,

4   Mot. 8, early termination will not change her status.  Therefore, the Court agrees that Diamond

5   "may receive additional benefit from the balance of the release term," *United States v. Bauer,* No.

6   5:09–cr–00980, 2012 WL 1259251, at *3 (N.D. Cal. Apr. 13, 2012), specifically from the services

7   offered by Probation.

8         Ultimately, the seriousness of Diamond's federal offenses and her overall criminal history

9   support maintenance of the full three-year term of supervised release.  The sentence imposed was

10  and remains suitably tailored to the underlying conduct.

11        Based on the foregoing, the Court DENIES Diamond's request for early term release from

12  probation/supervision.  The Clerk shall file the Probation Officer's Response dated February 27,

13  2017, under seal.

14  **IT IS SO ORDERED.**

16  Dated: March 23, 2017

17  _____
    BETH LABSON FREEMAN
18  United States District Judge